UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALLEN A. ABNEY,

                                       Plaintiff,

                                                                                   <u>DECISION AND ORDER</u>

                                                                                    05-CV-6487L

              v.

CORRECTIONAL OFFICER JOPP,
LIEUTENANT SCHRADER,
CAPTAIN GUNTHER,

                                       Defendants.
_____

       Plaintiff, Allen Abney, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the United States Bureau of Prisons, asserts claims against three individual defendants–Kevin Jopp, Scott Schrader, and Timothy Gunther–arising out of certain incidents that occurred during 2005, while plaintiff was confined at the Batavia Federal Detention Facility ("Batavia"). Plaintiff states that he seeks compensatory and punitive damages, as well as "relocation, release from prison, etc., disciplinary action for [the] officers [involved, including their] termination." Complaint at 7.

       Defendants have moved for summary judgment. For the reasons that follow, defendants' motions are granted, and the complaint is dismissed.

# DISCUSSION

At all relevant times, defendant Jopp worked at Batavia as a custody officer. He was employed by Asset Security, a private company that provides certain services at Batavia pursuant to a contract with the federal government. Dkt. #42-3 ¶ 4.[1]

Plaintiff alleges that he was involved in two brief verbal confrontations with Jopp in late July 2005. He also alleges that Jopp told some other inmates that plaintiff was a "snitch."

Plaintiff alleges that he complained about these matters to defendants Schrader and Gunther, who were respectively employed by the United States Department of Homeland Security as a lieutenant and captain at Batavia. Plaintiff alleges that Schrader and Gunther "impeded the progress of the investigation" into plaintiff's complaints, but that eventually plaintiff was transferred out of Batavia to a different facility. Complaint at 6.

Neither plaintiff's allegations nor the evidence support a claim against any of the defendants.[2] First, to the extent that plaintiff seeks compensatory damages, his claims are barred by 42 U.S.C. § 1997e(e), which provides that "[n]o federal civil action may be brought by a prisoner confined to a

---

[1]These facts are taken by the Rule 56 Statement of Undisputed Facts submitted by defendants Schrader and Gunther (Dkt. #42-3). Plaintiff has not disputed any of the facts set forth in that statement.

[2]As to Schrader and Gunther, § 1983 does not provide a remedy against federal defendants. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 506-07 (2d Cir. 1994). The Court will, however, construe the claims against those defendants as *Bivens* claims, which are analogous to § 1983 claims. *See id.*; *Spinale v. U.S. Dep't of Agriculture*, 621 F.Supp.2d 112, 119 (S.D.N.Y. 2009). The standards applied to *Bivens* and § 1983 claims are essentially the same. *Spinale*, 621 F.Supp.2d at 119-20 (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." That provision bars recovery of compensatory damages in § 1983 actions, absent some physical injury to the plaintiff. *See Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) ("Section 1997e(e) applies to all federal civil actions including claims alleging constitutional violations").

The Second Circuit has held that "Section 1997e(e) does not limit the availability of nominal damages for the violation of a constitutional right or of punitive damages." *Id.* at 418. The evidence here, however, will not support a claim for such relief.

As to Jopp, the only evidence that plaintiff offers in support of his allegation that Jopp told other inmates that plaintiff was a "snitch" is plaintiff's testimony that three other inmates said to plaintiff that Jopp had made such a statement to them. There is no admissible evidence in the record from those other inmates, however, and plaintiff does not allege that he personally ever heard Jopp call him a snitch. *See Watson v. McGinnis*, 981 F.Supp. 815, 819 (S.D.N.Y. 1997) ("An essential element of Watson's case is that Officer Ruiz called Watson a snitch. Watson admitted at his deposition that he never heard Officer Ruiz call him a snitch. Watson merely testified that other inmates said that Officer Ruiz had called him a snitch. What other inmates (allegedly) told Watson, however, constitutes hearsay and is therefore inadmissible") (citations omitted).

Second, even if Jopp did refer to plaintiff as a "snitch," that alone does not give rise to an Eighth Amendment claim, based on the record before me. Although courts have recognized that "being labeled a 'snitch' in the prison environment can indeed pose a threat to an inmate's health and safety in violation of the Eighth Amendment," *David v. Hill*, 401 F.Supp.2d 749, 756 (S.D.Tex.

2005), in general prison officials will not be liable for such actions absent a showing that the inmate suffered actual harm as a result. At the very least, a plaintiff must show that the defendant's actions gave rise to an excessive risk to the inmate's safety. *See*, *e.g.*, *Bouknight v. Shaw*, No. 08 Civ. 5187, 2009 WL 969932, at *4 (S.D.N.Y. Apr. 6, 2009) (concluding that plaintiff failed to make out Eighth Amendment claim against officer based on allegation that officer labeled plaintiff a "snitch," where plaintiff "ha[d] not alleged any facts that, if proven, would establish that he ever faced actual or imminent harm," and adding that "[t]he Court is unwilling simply to assume that such a risk existed merely because Officer Rivera spread rumors about him") (internal quotation marks omitted); *Green v. City of New York Dep't of Corrections*, No. 06 Civ. 4978, 2008 WL 2485402, at *7 (S.D.N.Y. June 19, 2008) ("In the cases cited by Plaintiff in which courts found viable Eighth Amendment claims premised on being labeled a 'snitch,' there were allegations or proffered evidence of actual physical harm") (collecting cases).

Plaintiff has presented no such evidence here. As stated, plaintiff does not allege that he has ever been physically attacked or injured as a result of Jopp's alleged actions. In addition, when asked at his deposition whether any inmates had ever threatened him because of the "snitch" label, plaintiff responded, "Well, I wouldn't say that they actually come out and said it ... ." Dkt. #42 Ex. 1 at 123.

Plaintiff also alleges that he had a verbal altercation with Jopp in which Jopp called plaintiff a "pussy" and accused him of being afraid of "little women."[3] Even if plaintiff's allegations are true, however, they do not give rise to a constitutional claim against Jopp. *See Purcell v. Coughlin*, 790

---

[3]This was allegedly an allusion to a certain female lieutenant at Batavia. Complaint at 9.

F.2d 263, 265 (2d Cir. 1986) (verbal harassment is not actionable under § 1983) (per curiam); *Amaker v. Foley*, No. 94-CV-0843, 2003 WL 21383010, at *4 (W.D.N.Y. Feb.13, 2003) ("without more, [inmate's] allegations of verbal threats, abusive language and racial epithets cannot form the basis of a section 1983 claim"), *aff'd*, 2005 WL 78798 (2d Cir. 2005).

As to Gunther and Schrader, plaintiff has not presented sufficient evidence to show that either of them violated plaintiff's constitutional rights. There is evidence that it took several days for plaintiff to receive a grievance form with respect to his grievance against Jopp, but there is no evidence that these defendants deliberately attempted to impede plaintiff's ability to file a grievance.

Furthermore, courts in this circuit have held that there is no constitutional right of access to prison grievance procedures, apart from the right of access to the courts. In other words, interference with an inmate's attempt to file a grievance will not give rise to a constitutional claim, absent a showing that the defendants' actions in that regard resulted in actual prejudice to the inmate's pursuit of a legal action. *See*, *e.g.*, *Mills v. Luplow*, No. 04-CV-00005, 2009 WL 2606240, at *24 (W.D.N.Y. Mar. 31, 2009) (dismissing prisoner's claim that officers "denied him access to the Genesee County Jail's grievance procedure by denying him access to grievance forms," where plaintiff "failed to establish that defendants' alleged refusal to process his grievances resulted in some prejudice to his filing a nonfrivolous legal action"); *accord Harnett v. Barr*, 538 F.Supp.2d 511, 522 (N.D.N.Y. 2008); *Johnson v. New York City Dep't of Health*, No. 06 Civ. 13699, 2008 WL 5378124, at *3 (S.D.N.Y. Dec. 22, 2008).

Here, plaintiff did eventually succeed in filing a grievance, which was referred to the Detainee Grievance Committee at Batavia, but he was transferred out of Batavia before any final

F.2d 263, 265 (2d Cir. 1986) (verbal harassment is not actionable under § 1983) (per curiam); *Amaker v. Foley*, No. 94-CV-0843, 2003 WL 21383010, at *4 (W.D.N.Y. Feb.13, 2003) ("without more, [inmate's] allegations of verbal threats, abusive language and racial epithets cannot form the basis of a section 1983 claim"), *aff'd*, 2005 WL 78798 (2d Cir. 2005).

As to Gunther and Schrader, plaintiff has not presented sufficient evidence to show that either of them violated plaintiff's constitutional rights. There is evidence that it took several days for plaintiff to receive a grievance form with respect to his grievance against Jopp, but there is no evidence that these defendants deliberately attempted to impede plaintiff's ability to file a grievance.

Furthermore, courts in this circuit have held that there is no constitutional right of access to prison grievance procedures, apart from the right of access to the courts. In other words, interference with an inmate's attempt to file a grievance will not give rise to a constitutional claim, absent a showing that the defendants' actions in that regard resulted in actual prejudice to the inmate's pursuit of a legal action. *See*, *e.g.*, *Mills v. Luplow*, No. 04-CV-00005, 2009 WL 2606240, at *24 (W.D.N.Y. Mar. 31, 2009) (dismissing prisoner's claim that officers "denied him access to the Genesee County Jail's grievance procedure by denying him access to grievance forms," where plaintiff "failed to establish that defendants' alleged refusal to process his grievances resulted in some prejudice to his filing a nonfrivolous legal action"); *accord Harnett v. Barr*, 538 F.Supp.2d 511, 522 (N.D.N.Y. 2008); *Johnson v. New York City Dep't of Health*, No. 06 Civ. 13699, 2008 WL 5378124, at *3 (S.D.N.Y. Dec. 22, 2008).

Here, plaintiff did eventually succeed in filing a grievance, which was referred to the Detainee Grievance Committee at Batavia, but he was transferred out of Batavia before any final

determination was reached, which effectively mooted the grievance. *See* Dkt. #42 Ex. 9. There is no evidence, however, that plaintiff's ability to prosecute any nonfrivolous legal action was prejudiced as a result of the modest delay in plaintiff's receipt of a grievance form, or because of his transfer while the grievance was pending.

With respect to that transfer, to the extent that plaintiff attempts to base a claim on his transfer out of Batavia, such a claim fails as well. There is no evidence that defendants had anything to do with plaintiff's transfer, and, in any event, prisoners have no constitutionally protected right to remain in any particular facility. *See Sash v. Laird*, No. 06-CV-6052, 2008 WL 2816019, at *1 (E.D.N.Y. July 21, 2008); *Vega v. Lantz*, No. 304CV1215, 2006 WL 2788374, at *8 (D.Conn. Sept. 26, 2006); *Salahuddin v. Perez*, No. 99 CIV. 10431, 2006 WL 266574, at *5 (S.D.N.Y. Feb. 2, 2006).

## CONCLUSION

The motions for summary judgment filed by defendant Kevin Jopp (Dkt. #30), and defendants Scott Schrader and Timothy Gunther (Dkt. #42) are granted, and the complaint is dismissed.

Defendant Jopp's motion to dismiss (Dkt. #9) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 18, 2009.